# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 CR 027 |
| REGINALD GUICE, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Reginald D. Guice's ("Guice") motion to suppress evidence. For the reasons stated below, we deny the motion to suppress evidence.

## BACKGROUND

Two Chicago Police officers ("Officers") claim to have seen Guice and another unidentified individual in a vehicle ("Vehicle") traveling in reverse the wrong way on a public street. The Officers claim to have pursued the Vehicle to a parking lot where they saw the driver flee the Vehicle while leaving the Vehicle's motor running. The Officers then arrested Guice who remained in the passenger seat

1

of the Vehicle. The Officers claim to have found a handgun under Guice's right thigh and found three additional handguns in the trunk of the Vehicle. Guice has moved to suppress the evidence recovered as a result of the arrest. On April 29, 2005, we held an evidentiary hearing addressing this motion.

## DISCUSSION

I. Traffic Stop

Guice argues that the driver of the Vehicle did not violate any traffic laws and that the Officers did not notice the vehicle until it was already stopped in the parking lot. Guice argues that the Officers therefore lacked probable cause to approach his vehicle and make a traffic stop. The Officers presented credible testimony to the court which indicated that the officers observed the Vehicle traveling east-bound on Congress Parkway which is a one-way street, on which only west-bound traffic is permitted. The officers presented credible testimony that indicated that when the occupants of the Vehicle caught sight of the police car, the vehicle fled in an erratic manner. The evidence also indicated that the arresting officers pursued the vehicle to a parking lot and that the officers saw the driver of the Vehicle flee into a nearby building while holding his side. The Officers also presented credible testimony that indicated that the Vehicle was parked in a corner area of the parking lot that was not

specifically designated for parking.

Guice argues that there are inconsistencies in the police records and the Officers' testimony such as a statement on the arrest report that Guice was traveling on Van Buren Street rather than Congress Parkway. However, the Officers provided credible testimony that indicated that Van Buren and Congress Parkway run parallel to each other and intersect at one point which would explain the Officers' misidentification of the street name in the police report. The Officers also provided credible testimony that revealed that such errors were inadvertent mistakes. The mistakes alleged by Guice merely relate to misidentifications of street addresses and street names. Other than the minor misidentifications in the police records, Guice failed to show that the Officers' testimony was inaccurate. At the evidentiary hearing, the Officers presented credible testimony that indicated exactly what they saw on the date in question and have reasonably explained the minor discrepancies in the police reports. Although, Guice points to some minor differences in the Officers' testimony, Guice fails to show that there are any material differences in the Officers' testimony.

On the other hand, Guice's version of the events are entirely incredible. According to Guice, the driver of the vehicle simply went into the adjacent building to see his girlfriend. Guice claims that when the Officers approached the Vehicle, Guice was sitting in the Vehicle with the engine running at 4:00 a.m. in a high crime area. We did not find Guice's testimony at the evidentiary hearing to be credible. In

3

summation, we find the Officers' testimony to be credible on the traffic stop issue and Guice's testimony not to be credible on that issue. Therefore, we find that the evidence shows that the arresting officers had probable cause to make a traffic stop of the Vehicle. *See U.S. v. Hernandez-Rivas*, 348 F.3d 595, 599 (7th Cir. 2003)(stating that "[t]raffic violations give police the necessary probable cause to stop the vehicle.").

II. Scope of Search

Guice also argues that the scope of the search was excessive. In accordance with *Terry v. Ohio,* 392 U.S. 1, 30 (1968), a law enforcement officer "may, consistent with the Fourth Amendment, conduct a brief, investigatory stop if the officer has a reasonable suspicion supported by articulable facts that 'criminal activity may be afoot.'" *U.S. v. Hendricks*, 319 F.3d 993, 1001 (7th Cir. 2003)(quoting *Terry,* 392 U.S. at 30). In order to determine whether an officer's suspicion was reasonable the court must "evaluate the totality of the circumstances as they appeared to the officer at the time of the stop." *Id.* (quoting *United States v. Ocampo,* 890 F.2d 1363, 1368 (7th Cir.1989)).

In the instant action, the Officers observed the driver of the Vehicle violate a traffic law, which provided probable cause to stop the Vehicle and question its occupants. *U.S. v. Moore*, 375 F.3d 580, 583 (7th Cir. 2004)(finding that officers had probable cause for a *Terry* stop because officers observed car making traffic

4

violations). In addition, the evidence in this case shows that the Officers saw the Vehicle flee from them in an erratic manner and the driver of the Vehicle flee on foot as the Officers approached. Taking the above facts into consideration along with the fact that the area in which these events occurred was a high crime area, we find that the Officers had reasonable suspicion to approach the vehicle with their guns drawn and conduct a pat down search of Guice. In addition, because of the circumstances, the Officers had sufficient reasons to conduct a pat down search of the passenger of the Vehicle. *Hernandez-Rivas*, 348 F.3d at 599. Officer Mario Acosta ("Acosta") claims that when conducting the pat down search, he found a gun concealed under Guice's right thigh. The search was also properly conducted in the passenger compartment of the vehicle where a weapon could be reached by Guice. *U.S. v. Arnold*, 388 F.3d 237, 239 (7th Cir. 2004). Once the Officers had discovered that Guice illegally possessed a firearm and based upon the other circumstances involving the arrest, the Officers were justified in a belief that the trunk of the Vehicle might contain weapons or evidence of other illegal activity. *U.S. v. Washburn*, 383 F.3d 638, 641 (7th Cir. 2004). The Officers also had authorization to conduct an inventory search of the Vehicle, including the trunk of the Vehicle. *See U.S. v. Wimbush*, 337 F.3d 947, 951 (7th Cir. 2003)(stating that a warrantless search of a car can be conducted after an arrest and a vehicle is taken into custody "in order to secure or protect the car and its contents."). Therefore, we deny Guice's motion to suppress.

## CONCLUSION

Based on the foregoing analysis, we deny Guice' motion to suppress evidence.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 2, 2005