# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 CR 027 |
| ) | |
| REGINALD GUICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Reginald D. Guice's ("Guice") motion for a judgment of acquittal notwithstanding the jury verdict and motion for a new trial. For the reasons stated below, we deny both motions.

## BACKGROUND

Guice was charged by indictment in this case with unlawfully possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g) (Counts 1 and 3) and possessing a firearm having an obliterated serial number, in violation of 18 U.S.C. 922(k) (Counts 2 and 4). A jury trial was commenced in this case on April 24, 2006, and on April 28, 2006, the jury found

1

Guice guilty on Counts One and Three and not-guilty on Counts Two and Four. Guice now moves for a judgment of acquittal notwithstanding the jury verdict pursuant to Federal Rule of Criminal Procedure 29( c) and moves in the alternative for a new trial pursuant to Federal Rule of Criminal Procedure 33.

**LEGAL STANDARD**

A defendant in a criminal case who has been found guilty by a jury may move for an acquittal under Federal Rule of Criminal Procedure 29( c). Fed. R. Crim. P. 29( c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999))(quoting in addition *United States v. Granados*, 142 F.3d 1016, 1019 (7th Cir. 1998) for the proposition that a court should "overturn the jury's verdict only if the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt'"); *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005)(stating that a defendant who challenges the sufficiency of the evidence "faces a nearly insurmountable hurdle")(citation omitted).

A court may provide a defendant found guilty by a jury of a crime with a new

trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision concerning whether a new trial is warranted is "committed to the sound discretion of the trial judge." *United States v. Gillaum*, 372 F.3d 848, 857-58 (7th Cir. 2004)(citations omitted). In determining whether to grant a new trial, a court should exercise "great caution" and be "wary of second guessing the determinations of the . . . jury." *Id.* (citing *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)).

## DISCUSSION

I. Motion for Judgment of Acquittal Notwithstanding the Jury Verdict

Guice argues that there was insufficient evidence produced at trial to prove beyond a reasonable doubt that he knowingly possessed the firearms in question.

### A. Count One

Guice was found guilty in Count One of being formerly convicted of a felony and knowingly possessing a Hi-Point Arms Model C9, 9 mm caliber semiautomatic pistol with an obliterated serial number ("Gun"). (Ind. 1). We first note that although Guice moves for judgment of acquittal notwithstanding the verdict on both Count One and Count Three, (Mot. Par. 2), Guice offers no arguments concerning his conviction on Count One. Guice's sole argument in his motion is that the jury

3

engaged in speculation because there was not sufficient evidence to show that Guice knowingly possessed the firearms that were found in the trunk in which Guice was arrested ("Car"). Guice makes no mention in his motion of the evidence concerning the Gun, which showed that the arresting officers, Officers Mario Acosta ("Acosta") and Steven Ciecel ("Ciecel") (collectively referred to as "Arresting Officers"), found the Gun under Guice's thigh in the Car.

At trial, the Arresting Officers testified that Acosta discovered the Gun concealed under the thigh of Guice during a pat down search in the Car. It was the jury's role at trial to assess the credibility of such testimony. *United States v. Griffin*, 194 F.3d 808, 817 (7th Cir. 1999). A court may overturn a conviction on the basis that the jury erred in its credibility determination only if "a witness's testimony was incredible as a matter of law." *Id.* (quoting *United States v. Saulter*, 60 F.3d 270, 275 (7th Cir. 1995)). Based on the testimony of the Arresting Officers indicating that they discovered the Gun concealed under Guice's thigh, the jury could have reasonably found sufficient evidence to prove beyond a reasonable doubt that Guice knowingly possessed the Gun. The jury has already weighed the testimony of the Arresting Officers and thus, we cannot question the veracity of the Arresting Officer's firsthand account of what they claimed to have done and seen. *See United States v. Stevens*, 453 F.3d 963, 965 (7th Cir. 2006)(stating that when deciding whether to overturn a jury verdict, "[v]iewing the evidence in the light most favorable to the prosecution means that" a court should not "weigh the evidence or

4

second-guess the jury's credibility determinations'")(quoting *United States v. Gardner,* 238 F.3d 878, 879 (7th Cir. 2001)). The testimony of the Arresting Officers concerning the discovery of the Gun did not include facts that were physically impossible or that could be deemed incredible as a matter of law. *See Griffin*, 194 F.3d at 817 (stating also that "[t]o make the necessary showing that certain evidence is 'incredible as a matter of law' or 'unbelievable on its face,' [the defendant] must demonstrate that 'it would have been physically impossible for the witness to observe what he described, or it was impossible under the laws of nature for those events to have occurred at all'")(quoting *United States v. Alcantar*, 83 F.3d 185, 189 (7th Cir. 1996)). Therefore, Guice has failed to show that no rational jury could have found that all of the elements of the charge in Count One were proven against him beyond a reasonable doubt and we deny the motion for judgment of acquittal on the jury verdict on Count One.

### B. Count Three

Guice was convicted in Count Three of knowingly possessing a Taurus model PT111, 9 mm semiautomatic pistol, a Rexio model Pucara 384, .38 Special Caliber revolver, and a Hi-Point Firearms model C, 9 mm caliber semiautomatic pistol (collectively referred to as "Firearms"). At trial, the Arresting Officers testified that the Firearms were found in the trunk of the Car when Guice was arrested. Guice argues that there was insufficient evidence to show that he had constructive

possession of the Firearms when he was in the Car. A defendant may be found to have possession of a firearm if he has actual possession or constructive possession of the firearm. *Stevens*, 453 F.3d at 965. A person has actual possession of an object when he "knowingly maintains physical control over an object" and a person has constructive possession of an object "when, although [the] person does not have actual possession, he has the power and intent to exercise control over an object either directly or through others." *Id.*

At trial, the Arresting Officers testified that they discovered the Firearms in the trunk of the same Car, where they found Guice sitting with the Gun under his thigh when he was arrested. Thus, Guice was located in the Car and had ready access to the Car's trunk. The officers also testified that Guice was the purchaser and owner of the Car, which is further evidence indicating that Guice would have had access to the trunk of the Car.

Guice argues that mere ownership of the Car was insufficient to find constructive possession of the Firearms in the Car's trunk. However, even if that were so, there was additional evidence presented at trial than merely Guice's ownership of the Car. The Government presented evidence at trial that showed that Guice was found with the Gun concealed under his thigh. The Government also presented evidence showing that Guice had recently been shot and therefore had a motive to keep weapons to protect himself. The Government also presented evidence showing that Guice made implausible statements to the Arresting Officers

when the officers approached the Car, such as that Guice had been sleeping and that Guice did not know the identity of the driver who had fled the Car on foot. The fact that the driver of the Car may have also had access to the Firearms does not negate the fact that Guice constructively possessed the Firearms as well. *See Stevens*, 453 F.3d at 965 (stating that a defendant can have possession exclusively or jointly). Therefore, Guice has failed to show that no rational jury could have found that all of the elements of the charge in Count Three were proven against him beyond a reasonable doubt and we deny the motion for judgment of acquittal on the jury verdict on Count Three.

II. Motion for New Trial

Guice argues that he is entitled to a new trial because the court erred in refusing to give a jury instruction that indicated that the defendant's mere presence in the proximity of the Gun and Firearms was insufficient alone to show possession of the Gun and Firearms ("mere presence instruction"). A court should use a jury instruction that is submitted by a defendant concerning his theory or defense in the case if: "'(1) the instruction represents an accurate statement of the law; (2) the instruction reflects a theory that is supported by the evidence; (3) the instruction reflects a theory which is not already part of the charge; and (4) the failure to include the instruction would deny the appellant a fair trial.'" *United States v. Buchmeier*, 255 F.3d 415, 426 (7th Cir. 2001)(quoting *United States v. Swanquist*, 161 F.3d 1064,

1075 (7th Cir. 1998)). In the instant action, Guice contends that he desired the mere presence instruction, which stated the following:

> A defendant's mere presence in the proximity of firearms without more is insufficient to show possession of those firearms. A defendant's mere association with those who may have possessed firearms without more is insufficient to show possession of firearms.

(Mot. New 4). Guice contends that the court improperly refused to include the mere presence instruction when it charged the jury at trial. However, in the instant action, the mere presence instruction was not applicable because there was ample evidence, besides Guice's proximity to the Gun and Firearms, to show constructive possession of the Gun and Firearms. Not only were the Firearms found in Guice's presence, but evidence was presented that showed Guice owned the car in which the Firearms were found. The Government also presented evidence showing that Guice had the Gun concealed under his thigh and evidence showing that Guice gave implausible statements to the Arresting Officers when they approached the Car. Thus, the mere presence instruction did not reflect a theory in this case that was applicable in light of the evidence presented at trial.

In addition, at trial, the court instructed the jury that the Government bore the burden of showing that Guice knowingly possessed the Gun and Firearms. (JI 16, 17). The court also gave an instruction to the jury stating that to show that the Defendant "knowingly" possessed the Gun and Firearms, the Government had to show that "the Defendant realized what he was doing and was aware of the nature of

8

his conduct, and did not act through ignorance, mistake or accident." (Ans. New 8)(JI 24). Such an instruction made clear to the jury that Guice's mere proximity to the Firearms was insufficient on its own to show that he possessed the Firearms. The addition of the mere presence instruction would have been redundant and would have had the effect of improperly overemphasizing such a point in favor of the defense. Thus, the substantive points expressed in the mere presence instruction were a part of the charge that was given to the jury. Guice has failed to show that the absence of the mere presence instruction denied him a fair trial.

In addition, Guice's proposed instruction is not supported by the law. The Seventh Circuit has specifically "rejected the contention that possession instructions must include a qualifier that 'mere proximity' is not possession" and has held that a "district court's instruction coupled with the defendant's ability to argue his theory to the jury adequately presented his theory of defense." *United States v. Hendricks*, 319 F.3d 993, 1005-06 (7th Cir. 2003)(quoting *United States v. Rice*, 995 F.2d 719, 725 (7th Cir. 1993)). Guice was not entitled to demand precise wording of the jury instructions at his trial and he has not shown any prejudice to him caused by the instructions given to the jury by the court. *See United States v. Lee*, 439 F.3d 381, 387 (7th Cir. 2006)(stating that a "district court is afforded substantial discretion with respect to the precise wording of instructions so long as the final result, read as a whole, completely and correctly states the law"). Therefore, Guice has failed to show that the court made any error in denying his request for the mere presence

instruction and we deny Guice's motion for a new trial.

## CONCLUSION

Based on the foregoing analysis, we deny Guice's motion for judgment of acquittal notwithstanding the jury verdict and we deny Guice's motion for a new trial.

```
                                   _____
                                   Samuel Der-Yeghiayan
                                   United States District Court Judge
```

Dated: September 6, 2006